STATE OF MAINE                                                    SUPERIOR COURT
CUMBERLAND, ss.                                                  CIVIL ACTION
                                                                Docket No. CV-07-643
                                                                TDW

ROGER PAZ,

                    Plaintiff,

    v.                                                          ORDER

HOME PROPERTIES
WMF I LLC,

                    Defendants.


        Before the court is defendant Home Properties WMF I LLC's motion to dismiss.

        On a motion to dismiss, the material allegations of the complaint are taken as admitted and the court examines the complaint in the light most favorable to plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief under some legal theory. *In re Wage Payment Litigation*, 2000 ME 162 ¶ 3, 759 A.2d 217, 220. The complaint should be dismissed only when it appears beyond doubt that the plaintiff is entitled to no relief under any set of facts it might prove in support of its claim. *Id.*

        In this case the complaint alleges a violation of the Unfair Trade Practice Act based on plaintiff's early termination of his lease.[1] According to the complaint, Paz moved out on the date he had specified and subsequently was contacted by a collection agency which contended that Paz owed $2,302.48 to Home Properties. After discussions with counsel for Paz, the amount claimed was subsequently lowered to

---

[1] The lease itself is not before the court. Paz alleges that on April 14, 2006 he gave Home Properties "a 45 day notice" that he intended to terminate his tenancy as of June 30, 2006. Complaint ¶ 10. The period from April 15 to June 30 is closer to 75 days than 45 days, which raises a question in the court's mind as to the applicability of the 60-day notice provision, quoted in Complaint ¶ 8. As far as the court can tell, however, this does not affect the instant motion.

$1,251.48, consisting of $641 in partial lost rent for July, $100.48 for past due water and sewerage charges and a $500 turnover fee.

Paz contends that Home Properties violated the Unfair Trade Practices Act in essentially two respects: (1) by charging an unreasonable $500 turnover fee when the relevant statute limits a landlord to reasonable re-renting expenses, *see* 14 M.R.S. § 6010-A(2); and (2) by originally including in the amount referred for collection a lost rent claim of $1,792 when the actual rent lost came to $641. Paz alleges that the effect of the actions taken by Home Properties damaged his credit rating and caused him pain and suffering and emotional distress. He is also seeking injunctive relief ordering Home Properties to retract its report of the debt to its collection agency and to the relevant credit bureaus.

Home Properties first contends that Paz's allegations do not state a claim under the Unfair Trade Practice Act because they do not sufficiently allege that Paz was required to waive his rights as a tenant under the lease. The court disagrees. The full lease is not before the court, and with the benefit of that lease Paz may be able to show that its provisions had the effect of waiving Paz's right to be charged only the reasonable and actual cost of re-renting. If so, this would potentially be an Unfair Trade Practices Act violation. *See* 14 M.R.S. § 6030(1). Similarly, Paz may be able to show that the lease provisions had the effect of waiving his right to be responsible for only the actual rent lost by the landlord after the latter made reasonable efforts to mitigate.[2]

Second, even if Paz is not able to take advantage of § 6030(1), it is possible, based on the complaint, that Paz will be able to prove that the actions taken by Home Properties in connection with the claims it made against Paz were unfair or deceptive

---

[2] This latter theory may be doubtful if, as Home Properties contends, the lease expressly addresses the landlord's obligation to mitigate. These are not, however, issues to be decided on a motion to dismiss.

within the meaning of 5 M.R.S. § 207 regardless of whether the lease involved any waiver.

The second argument advanced by Home Properties is that Paz has not alleged any loss of money or property, which are necessary prerequisites to a private action under the Unfair Trade Practices Act. *See* 5 M.R.S. § 213(1). Once again, the court disagrees. From the allegations of the complaint, it is possible that Paz can prove that the alleged harm to his credit rating resulted in monetary loss. Moreover, the court would not necessarily rule out that damage to Paz's credit rating could constitute a loss of "property" within the meaning of 5 M.R.S. § 213(1).

Home Properties argues that Paz's claims of damage to his credit rating are too conclusory and should be dismissed. For this proposition, Home Properties cites an unpublished First Circuit decision in *Gianetta v. Boucher*, 1992 U.S. App. LEXIS 33313 (1st Cir. 1992). Unpublished decisions do not have the same precedental value as published decisions. *See* 1st Circuit Local Rule 32.1.0. Moreover, the court disagrees with *Gianetta* on this issue.

Even if the court assumes, without deciding, that Paz will have to show something more than speculative harm to his credit rating – *e.g.*, that he was actually denied credit or charged a higher interest rate – in order to prevail at trial, his claim survives a motion to dismiss. Dismissal is only appropriate if, based on the complaint, the plaintiff would be entitled to no relief "under any set of facts [he] might prove in support of [his] claim." *In re Wage Payment Litigation*, 2000 ME 162 ¶ 13, 759 A.2d at 220. The complaint here leaves open the possibility that Paz may prove actual damage from

the harm allegedly inflicted on his credit rating by Home Properties. This would potentially entitle him to monetary and/or injunctive relief.[3]

The entry shall be:

Defendant's motion to dismiss is granted with respect to plaintiff's claim for emotional distress under the Unfair Trade Practice Act and is otherwise denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED: September  2 , 2008

_____
Thomas D. Warren
Justice, Superior Court

---

[3] The court agrees that claims for emotional distress are not recoverable under the Unfair Trade Practices Act.

4

KATHERINE MCGOVERN ESQ
PO BOX 547
PORTLAND ME 04112

BENJAMIN CAMPO JR ESQ
ONE MONUMENT WAY
PORTLAND ME 04101